UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-405-RJC

| DONALD LEE SAPP, JR., | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| NORTH CAROLINA DEPARTMENT OF CORRECTIONS, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on initial review of a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. (Doc. No. 1).

I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner alleges that on July 19, 2010, he was convicted of an A-09 disciplinary infraction and placed on 180 days of intensive control ("ICON") status. (Doc. No. 1 at 5). He further alleges that he appealed his conviction and punishment at the first level of the North Carolina Department of Correction's inmate disciplinary process, and his conviction was overturned. (Id. at 2). Nevertheless, Petitioner alleges that he subsequently was placed on 180 days of ICON status; and that his appeal of that action under the Department of Correction's disciplinary procedures was denied. (Id. at 5).

Petitioner did not seek any judicial review of his case within the North Carolina court system. (Id. at 2-5). Rather, on August 26, 2010, he filed the instant federal Petition arguing that despite his ineligibility for it, he was placed on ICON status after his disciplinary conviction was overturned. (Id. at 5). Notably, however, Petitioner does not ask the Court to grant him any

particular relief.

## II. STANDARD OF REVIEW

Rule 4 directs habeas courts promptly to examine habeas petitions. Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id. Following this directive, the Court has reviewed the instant Petition and determined that it fails to state a cognizable claim for relief; therefore, the Petition must be dismissed.

## III. DISCUSSION

Title 28 U.S.C. § 2254 applies to "a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States. Rule 1(a)(1), 28 U.S.C.A. foll. § 2254. Indeed, under § 2254, state prisoners' claims are limited to allegations that challenge either the fact or duration of their confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). State prisoners may only use "habeas corpus remedies when they seek to invalidate the duration of their confinement – either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). Thus, "where success in the action would not necessarily spell immediate or speedier release" from imprisonment, an inmate may not pursue his claims in a habeas corpus proceeding. Id. at 81.

In the instant case, Petitioner merely complains that he was improperly placed on 180 days of ICON status. However, Petitioner does not allege that such status somehow rendered his confinement unconstitutional or otherwise adversely affected the duration of such confinement.

Similarly, Petitioner does not seek either his immediate release or any specific remedy from the Court, including one that impacts the duration of his confinement. Accordingly, this action must be dismissed because Petitioner's allegations fail to state a cognizable claim under 28 U.S.C. § 2254.

**IT IS, THEREFORE, ORDERED that:**

1. Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. No 1) is **DISMISSED**; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: November 8, 2011

Robert J. Conrad, Jr.
Chief United States District Judge